IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-840-BO

| | |
|---|---|
| ROBYN CHADWICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FOOD LION, INC., d/b/a DELHAIZE )<br>AMERICA, INC., )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the Court on defendant Food Lion, LLC's ("Food Lion")[1] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (4), (5) and (6) [DE 11], and Food Lion's motion to dismiss, or in the alternative, to strike plaintiff's amended complaint [DE 20]. *Pro se* plaintiff never responded to either motion despite being sent notice by the Court on March 3, 2014 that her responses were due by March 20, 2014. [DE 22]. Therefore, the motions are ripe for adjudication. For the reasons stated herein, defendant's motions to dismiss are GRANTED.

## BACKGROUND

Plaintiff initiated this action by filing a *pro se* complaint and a request to proceed *in forma pauperis* with the Court on December 9, 2013. On December 12, 2013, the Court granted plaintiff's request to proceed *in forma pauperis*. Plaintiff brings a race based claim of employment discrimination against defendant under Title VII of the civil Rights Act of 1964 ("Title VII") based a lack of promotions and advancement compared to white employees and her termination. Defendant moves to dismiss plaintiff's complaint alleging insufficient process,

---

[1] Defendant notes that it was improperly identified in the complaint as Food Lion, Inc. d/b/a Delhaize America, Inc.

insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.

## DISCUSSION

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In order to state a claim for discrimination under Title VII alleging discriminatory failure to promote on account of her race, plaintiff must allege (1) that she is a member of a protected class; (2) that her employer had an open position for which she applied; (3) that she was qualified for the position; and (4) that she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Taylor v. Va. Union Univ.*, 193 F.3d 219, 230 (4th Cir. 1999) (en banc). Plaintiff also alleges that she was discriminatorily discharged. In order to state a claim for such a cause of action, plaintiff must allege that (1) she is a member of a protected class under Title VII; (2) the prohibited conduct in which she engaged was

2

comparable in seriousness to misconduct of employees outside the protected class; and (3) she suffered more severe discipline for her misconduct as compared to those employees outside the protected class. *Id.* at 234.

Here, plaintiff fails to allege sufficient facts to allege her claims. The complaint does not state plaintiff's protected class. The complaint does not include any factual allegations regarding the specifics of a job that plaintiff applied for and was denied. The complaint foes not allege the specifics of the altercation that lead to her termination including how comparable her behavior was to that of the employee who was not fired. Conclusory allegations that an employer discriminated against plaintiff because of race are not sufficient to allege a claim when the facts of the complaint do not support the conclusory assertion. *Bass v. E.I. Dupont Nemours &co.*, 324 F.3d 761, 765–66 (4th Cir. 2003). Plaintiff's conclusory assertions of "discriminatory conduct" are insufficient to state a claim upon which relief can be granted. Because plaintiff fails to state a claim, her claim for punitive damages must also be dismissed. *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 547 (E.D.N.C. 2008). Accordingly, her entire complaint is dismissed in its entirety.

Plaintiff's amended complaint fails to properly state a claim upon which relief can be granted. Although plaintiff alleges that she is a member of a protected class as a black woman, she fails to allege facts which support the remaining elements of her claims as delineated above. Her allegations are still wholly conclusory and insufficient to state a claim. Accordingly, her amended complaint is also dismissed in its entirety.

3

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss are GRANTED. Plaintiff's claims are DISMISSED in their entirety. The clerk is directed to close the file.

SO ORDERED.

This the __17__ day of April, 2014.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE